## COMMISSIONERS OF HIGHWAYS

*v.*

## JAMES L. QUINN *et al.*

*Filed at Springfield March 30, 1891.*

1. APPEAL—*action of highway commissioners—who may appeal.* To entitle a person to appeal from the order of commissioners of highways laying out a new road or vacating a road, he must be the owner of land adjoining the road to be laid out or vacated, and this should be made to appear in his appeal.

2. SAME—*former decisions.* The decision of this court in *Taylor* v. *Comrs. of Highways,* 88 Ill. 526, holding that no person has the right of appeal from the decision of the commissioners of highways in laying out a new road or vacating an old one unless he is the owner of land adjoining such road, is followed and approved; and the case of *Whitmer* v. *Comrs. of Highways,* 96 Ill. 292, in so far as it holds a right of appeal to a person who has no land adjoining the road, is overruled.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

Mr. THOMAS F. TIPTON, for the plaintiffs in error:

The statute definitely fixes the right of appeal. This right is confined to a party interested, which means a person having a legal interest.

Quinn had no legal right in regard to the location of the new or the vacation of the old road that could be enforced in a court of law or equity. *McCowen* v. *Whiteside,* 31 Ind. 235; *Willard* v. *Cambridge,* 3 Allen, 574; *Hartshorn* v. *Commissioners,* id. 501; *Brainard* v. *Railroad Co.* 7 Cush. 506; *Harvard College* v. *Stearns,* 15 Gray, 1.

The commissioners represent the town, and no inhabitant can complain unless he has some legal interest. If his interest is that in common to or with the public, he can not complain by any legal or equitable proceeding. *Roxbury* v. *Railroad Co.* 6 Cush. 424; *Burnham* v. *Goffstein,* 30 N. H. 562;

*People* v. *Schell,* 5 Lans. 352; *People* v. *Overseer of Town,* 44 Barb. 467; *People* v. *Stryker,* 24 id. 649; *Starkweather* v. *Seeley,* 45 id. 165; *Gothen* v. *Butts,* 12 Wend. 234; *Burr* v. *City of Oskaloosa,* 15 Iowa, 275; *Brady* v. *Shinkle,* 40 id. 574; *Ellsworth* v. *Chickasaw County,* id. 571.

Quinn does not claim, by his appeal, that his property is injured by the location of the new road, or that he is in any manner injured, or that he has any ground of complaint in the vacation of the old road. *Hoag* v. *Switzer,* 61 Ill. 294; *Stetson* v. *Railroad Co.* 75 id. 78.

If anybody can appeal who feels aggrieved, it will be entirely impracticable to vacate old roads or to construct any new roads by the commissioners of highways of the town. The commissioners will be at the mercy of any one that may interfere with the corporate authorities of the town. (*Stetson* v. *Railroad Co.* 75 Ill. 78.) It would be difficult at this day to locate a new road or vacate an old road that would not in some manner inconvenience somebody.

The petition for writ of *certiorari* shows clearly that Quinn has no right or ground of appeal, that he is not a resident of the township, that he is not a tax-payer, and that he has no interest in the vacation of the old road and the location of the new road,—and this is admitted by the fact that he has not answered the petition. *Miller* v. *Town,* 88 Ill. 26.

Messrs. STEVENSON & EWING, for the defendants in error:

The right of Quinn to appeal from the decision of the commissioners of highways is the only question involved. The trial is heard by an inspection of the record—not on any issue of fact, but of law, rather. *Supervisors* v. *Magoon,* 109 Ill. 142; *McManus* v. *McDonough,* 107 id. 95.

This case is decided by *Whitmer* v. *Comrs. of Highways,* 96 Ill. 289. The facts are exactly the same, and unless it is desired to overrule that case and confine the right of appeal to the owners of land abutting upon the exact point where the

change is sought to be made, the authority must control. Quinn owned land abutting upon said road, and a short distance south from the point of the proposed change. It was his only road to the county seat. The proposed change lengthened the road from sixty to ninety rods. This of itself was a sufficient reason why he was interested in the decision of the commissioners.

Mr. Justice Craig delivered the opinion of the Court:

On the 4th day of January, 1890, a petition was presented to the commissioners of highways of the town of Bloomington, to vacate a portion of a road known as the "old Springfield road," leading from Bloomington to Springfield. The commissioners granted the prayer of the petition. From this order James L. Quinn took an appeal to three supervisors of the county, and on the hearing the supervisors reversed the decision of the commissioners. The commissioners brought the record of the proceedings of the supervisors into the circuit court by writ of *certiorari.* The court refused to quash the proceedings, and that judgment was affirmed in the Appellate Court, and the commissioners have sued out this writ of error to reverse the judgment of the Appellate Court.

But one question is presented by this record, and that is, whether Quinn had such an interest in the decision of the commissioners of highways as entitled him to appeal from the action of the commissioners to three supervisors.

Section 99, chapter 121, of the Revised Statutes of 1874, which confers the right of appeal, is as follows: "Any person or persons interested in the decision of the commissioners of highways in determining to or in refusing to lay out * * * any road, * * * may appeal from such decision to three supervisors of the county." In the petition in which Quinn prayed for an appeal he states how he is interested, as follows: "The undersigned, being an owner of land abutting on said

Springfield road at a point near to and south of said place of proposed change, and being a person interested in the decision of said commissioners, asks," etc.   This is the only part of the record showing, or tending to show, in what manner Quinn was interested, and from the statement it is apparent that he owns no land adjoining the road laid out or vacated.   The statement shows that he owns land abutting on the Springfield road, near to and south of the proposed change.   But this is very indefinite.   The Springfield road runs from Springfield to Bloomington, and whether his land on that road is one, two or three miles from the proposed change, does not appear. If the lands owned by him were three miles away from that part of the road changed, he might be regarded near to the proposed change ; but would he be a person interested, within the meaning of the statute ?   It is true that a person residing several miles from a proposed change in a highway may have an interest.   So, too, a person residing at a remote distance from the proposed change may be interested.   Indeed, all good citizens of the State may be, and doubtless are, interested in the public highways of the State.   But such persons have not such an interest as was contemplated by the legislature in allowing appeals to interested persons.

In *Taylor* v. *Comrs. of Highways*, 88 Ill. 526, the construction of this statute was before us, and we there held, that no person has the right of appeal from the decision of commissioners of highways in laying out a new road or vacating an old one, unless he is the owner of land adjoining the road to be laid out or vacated.   In *Whitmer* v. *Comrs. of Highways*, 96 Ill. 292, the construction placed upon the statute was somewhat modified, and it was there held, by a divided court, that a person who owned land within a short distance of the high-, way proposed to be changed, and who had built his house with, reference to the highway, might be regarded as a person in-, terested, and entitled to appeal, although the road vacated did not touch his land.   No definite rule was, however, formu-

lated, under which it might be determined when a person was so interested as to allow him to appeal. Upon more mature reflection we have concluded that the construction placed on the statute in the *Taylor case* is the correct one, and the one, too, which will carry out the intent of the legislature in the enactment of the statute. When the right of appeal is limited to an owner of land adjoining the road to be laid out or vacated, the meaning of the statute is definite, and easily understood. If, on the other hand, it should be held that the person interested is not confined to the owner of land adjoining the highway, then there would be no limit to the persons who may be interested and clothed with the right of appeal. It is important to adopt some construction of the statute under which it may readily be determined, in every case, who are interested persons, within the meaning of the statute, and entitled to appeal. If, however, the decision in the *Whitmer case* is to control, there never could be any certainty in regard to the person or persons entitled to exercise the right of appeal in such cases. Here, Quinn had the same interest in the decision of the commissioners as other citizens residing along the line of the road. The injury which he would receive by the change in the road was one common to the public, and we think it manifest that the legislature never intended to confer upon such persons the right of appeal. Where a person owns land bounding on the highway proposed to be changed, he has a special interest,—one not shared by the public at large,—and the legislature no doubt intended by the statute to give such persons the right of appeal.

The judgments of the Appellate and circuit courts will be reversed, and the cause will be remanded to the circuit court, with directions to enter a judgment quashing the proceedings of the three supervisors.

*Judgment reversed.*