ELLEN J. RAVATTE, Impleaded with M. F. Harmon

*v.*

J. D. RACE *et al.*

*Filed at Ottawa October 29, 1894.*

1. HIGHWAYS—*no appeal lies from preliminary decision of commissioners.* No appeal lies from the preliminary decision of highway commissioners, under section 34 of the act on roads and bridges, granting a petition to lay out a road.

2. SAME—*such unauthorized appeal confers no jurisdiction.* Such an appeal taken to three supervisors is premature, and the proceedings of the supervisors thereunder void for want of jurisdiction.

3. SAME—*proceedings on void appeal may be quashed.* Proceedings had on such a premature and void appeal may be quashed on writ of *certiorari.*

APPEAL from the Circuit Court of Kane county; the Hon. H. B. WILLIS, Judge, presiding.

This is a common law writ of *certiorari* in the Circuit Court of Kane County, issued on petition of appellant, Ellen J. Ravatte, and one M. F. Harmon, against the Commissoners of Highways in the town of Aurora, the town clerk of said town, and certain justices of the peace, requiring them to send up the record of the proceedings in regard to laying out a highway.

The defendants answered the petition, and, in their return thereto, filed a full and complete transcript of the records and proceedings demanded by the writ, averring that the same were regular and according to law. On the hearing, all of said records and proceedings of the highway commissioners, supervisors and justice's court in relation to the opening of said highway, as the same were certified to by the town clerk, were introduced in evidence. The petitioners presented to the Circuit Court propositions of law, holding that the record and proceedings aforesaid were irregular, invalid and void, and did not authorize the establishment or laying out of any highway, as recited and sought to be established in the

order made in said proceedings for that purpose; and
that the supervisors, by the appeal from the commission-
ers of highways, acquired no jurisdiction over the said
proceedings; and that the said proposed proceedings to
lay out and establish a highway, described in the final
order by said supervisors, were void and not in conform-
ity with the statute. The court refused to hold said
propositions as law in the case, and the petitioners ex-
cepted. Thereupon the court dismissed the petition and
quashed the writ, and gave judgment for costs against
the petitioners, from which judgment the present appeal
is prosecuted.

The petition for *certiorari* alleges, that the petitioners
were the owners in fee of certain lands, and that certain
persons, residing in said Town and living within two miles
of the proposed route for a highway, petitioned the high-
way commissioners to lay out a highway which passed
over the lands of appellant and said Harmon. The peti-
tion then sets out all the proceedings before the commis-
sioners and the supervisors, resulting in an order made by
the supervisors on January 3, 1893, laying out said high-
way, which order, with a surveyor's plat of the highway
attached, was on that day filed in the office of the town
clerk of said town. It is further alleged, that the high-
way commissioners are about to open said highway and
enter upon the land of the petitioners for that purpose.
It is charged, that all said proceedings are irregular and
void; that the commissioners did not act together in lay-
ing out said road; that the plat of the survey was not made
prior to the attempt to assess damages; that said com-
missioners never made or signed an order for the laying
out of said highway, or filed the report and survey in the
town clerk's office; that the order made by the commis-
sioners granting the prayer of the petition was not an
appealable order; that said commissioners took no steps
in·having damages assessed against appellant and said
Harmon; that the supervisors had no jurisdiction of said

appeal, or of the subject matter thereof, nor any right to call a jury to assess damages; and that their proceedings in attempting to lay out said highway were illegal and void.

Messrs. Botsford & Wayne, and Messrs. Hopkins, Aldrich & Thatcher, for the appellant:

The order not being final, no appeal lay from that order, and when no appeal lies, an attempt to appeal is a void proceeding. *Harzfeld* v. *Converse*, 105 Ill. 534; *Farson* v. *Gorham*, 117 id. 137; *Hunter* v. *Hunter*, 100 id. 519.

Mr. John M. Raymond, and Messrs. Alschuler & Murphy, for the appellee.

Mr. Justice Magruder delivered the opinion of the court:

When the petition is to lay out a new road, it must set forth the names of the owners of lands if known, and if not known it shall be so stated, over which the road is to pass, the points at or near which it is to commence, its general course, and the place at or near which it is to terminate. (Chap. 121, sec. 32). After receiving the petition, the commissioners are required to fix a time and place where they will meet to examine the route of said road, and to hear reasons for or against laying it out, previously giving at least 10 days' notice of the time and place of such meeting by posting up notices in five of the most public places in the township in the vicinity of the road to be laid out. (Sec. 33). The commissioners may adjourn the meeting from time to time, but not for a longer period than ten days in all; "and shall, at the first or such adjourned meeting, within said ten days, decide and publicly announce whether they will grant or refuse the prayer of the petition, and shall endorse upon or annex to the petition a brief memorandum of such decision, to be signed by the commissioners." (Sec. 34). Mrs. Harmon took an appeal from this decision to the three super-

visors of the county in supposed compliance with section
59 of the Act. The question presented by the record, and
discussed by counsel in their arguments, is whether an
appeal will lie from this preliminary decision of the com-
missioners to grant the prayer of the petition, or whether
the appeal must be taken from the final order laying out
the road. To determine this question will require an ex-
amination of some of the provisions of the statute.

Section 34 provides, that "such decision shall be sub-
ject to revocation, in case the prayer of the petition is
granted, in the manner thereinafter provided." The same
section provides, that, where the commissioners refuse to
grant the prayer of the petition, they shall within five days
file the petition, with such decision of refusal endorsed
thereon, or annexed thereto, in the office of the town
clerk. The statute seems to designate a filing in the
office of the town clerk as the disposition to be made of
such proceedings as are final in their character. (Secs.
34, 48, 49, 35, 37, 52, 59, 60, 62). Much, however, is re-
quired to be done before the petition, which has the deci-
sion to grant its prayer endorsed thereon or annexed
thereto, is required to be filed in the town clerk's office.
When the commissioners decide to grant the prayer of
the petition, they merely decide that they will lay out
the road. Their conclusion is evidently not based upon
any very complete or accurate information; for, although
they examine the route and hear reasons for or against
laying out the road, the petition only describes the gen-
eral course of the road, and may give only the points near
which it is to begin, and the place near which it is to
terminate.

Instead of requiring the petition, with its endorsement,
to be filed in the town clerk's office as soon as it is decided
to grant the prayer, the statute proceeds to require, in
section 36, a survey and plat of the road to be made by a
competent surveyor and reported to the commissioners,
giving the courses and distances, and specifying the land

over which the road is to pass, and in which the commissioners are authorized to make changes between the *termini* of the road described in the petition. It hardly seems possible, that the legislature could have intended an appeal to lie from a decision to lay out a road, when not even the *termini* of the road were definitely fixed by such decision.

Section 39 requires the commissioners, before they order any road to be established, to ascertain in the mode thereafter stated the aggregate amount of damages to which the owners of the lands, over which the road is to pass, shall be entitled by reason of the location of the road. The statute then contains elaborate provisions for ascertaining the damages where they are not released or agreed upon. The commissioners are required, within ten days from the date of the meeting at which it was decided to grant the prayer of the petition, to make a certificate, that they are about to establish a public road, describing it and the lands on which it is to be established, and naming their owners if known, or, if not known, stating the fact, and asking for a jury to assess the damages of such owners; and to present this certificate to a justice of the peace of the county, who, on receipt of the same, shall, within 5 days, issue a summons against said land owners, etc. (Sec. 41). Provision is made for serving the summons, and giving notice to non-resident and unknown owners, and for summoning jurymen and swearing them to assess the damages, and for a trial before the jury, and a written verdict by them, specifying the amount of the damages, to be returned "to such justice to be by him entered upon his docket in the nature of a judgment;" the jury, in estimating damages, except those to property taken for the road, being authorized to consider the benefits conferred, etc. (Secs. 42, 43, 44, 45, 46). Why should these steps to assess damages be taken within ten days from the decision to grant the prayer of the petition, if said decision can be appealed

from as soon as it is made? If the appeal should result in reversing the decision, all the proceedings to assess damages would fall to the ground.

Section 47 provides, that, within ten days after the ascertainment of the damages, the commissioners shall hold a meeting "to finally determine upon the laying out" of such road, giving 5 days' notice thereof by posting notices, etc. Section 48 gives the commissioners, and, in case of appeal, the supervisors, authority to revoke all proceedings had upon the petition by a written order to that effect, if they shall be of the opinion that the damages assessed by the jury are too high, and their payment would be a burden upon the tax-payers of the town.

Section 49 is as follows: "In case the commissioners shall not revoke such prior proceedings, they shall make an order, to be signed by them, declaring such road so * * * laid out a public highway, and which order shall contain or have annexed thereto a definite description of the line of such road, together with a plat thereof. The commissioners shall, within five days from the date of such order, cause the same, together with the report of the surveyor, the petition and the releases, agreements or assessments in respect to damages, to be deposited and filed in the office of the town clerk, who shall note upon such order the date of such filing."

So far as we are able to discover from our examination of the Act, where the prayer to lay out the road is granted, the petition, together with the decision granting it endorsed thereon or attached thereto, is for the first time required to be filed in the office of the town clerk by section 49. It is not required to be so filed until after the surveyor's plat and report have been made, and the damages have been assessed or released or agreed upon, and the order laying out the road has been made.

We come now to section 59 of the Road Law, which provides for taking an appeal. That section is as follows:

"Any person or persons interested in the decision of the commissioners in determining to, or in refusing to lay

out, alter, widen or vacate any road, or revoking any previous order or decision relative to any road, or in the verdict of any jury in assessing damages in opening, altering or vacating any road, may appeal from such decision to three supervisors of the county, outside of the town or towns in which such road or proposed road is located, within ten days after such decision has been filed in the office of the town clerk, by filing a written petition with some justice of the peace of the county, asking for an appeal, and stating on what ground such appeal is taken."

It will be noticed, that this section does not provide for an appeal from the proceeding before a justice and jury relating to the assessment of damages. The words, "in the verdict," etc., do not refer back to the words, "decision of the commissioners," but they qualify the word, "interested," so that the meaning is : "Any person or persons interested * * * in the verdict of any jury * * * may appeal from *such* decision," etc. The word, "*such*," refers back to the "decision of the commissioners in determining to, or in refusing to lay out, alter, widen, or vacate any road, or revoking any previous order or decision relative to any road;" but it has no reference to "the verdict of any jury in assessing damages," etc. By section 46, the verdict of the jury is returned to the justice and entered by him on his docket "in the nature of a judgment." The appeal from this judgment must be taken to a higher court in the same way as an appeal from any other justice's judgment is taken. There can be no such thing as an appeal from the verdict of a jury, or judgment rendered thereon, to three supervisors. The commissioners, however, are not delayed in the work of laying out the road by the appeal from the judgment assessing damages, because, in section 39, there is a proviso to the effect, "that, in case an appeal is taken from the assessment of damages before the justice of the peace, the commissioners may, in their discretion, make an order laying out * * * such road either before or after the appeal is

determined," etc. The appeal bond, where the appeal is from the verdict of the jury, or the judgment entered thereon, is required by section 62 to be filed with the justice.

Counsel for appellees claim, that section 59, in authorizing an appeal from "the decision of the commissioners in determining to * * * lay out * * * any road," authorizes an appeal from the preliminary decision to grant the prayer of the petition, as endorsed upon or annexed to the petition under the provisions of section 34. In other words, they construe the words "determining to lay out," as referring back to the action of the commissioners taken under section 34. We cannot concur in this view. We think that the reference is to the final determination to lay out the road which is mentioned in section 47, and which may be revoked as provided in section 48, or adhered to as provided in section 49.

By the terms of section 47, the meeting, which the commissioners hold to finally determine upon the laying out of the road, must be held within ten days after the damages have been ascertained, whether by release, agreement or assessment. When that meeting is held, the commissioners determine whether they will revoke the assessment of the damages as being too high, or whether they will make an order declaring the road laid out. That order when made, as required by section 49, embodies the result of their final determination, when that determination is to lay out the road.

This conclusion is apparent from the language of section 59, which provides that the appeal may be taken to the three supervisors "within ten days after such decision has been filed in the office of the town clerk." Section 49 is the only section which requires the decision in such case to be filed in the office of the town clerk, and it is so filed five days after the order laying out the road has been made. If an appeal could be taken from the preliminary decision mentioned in section 34, it could only be so taken

within ten days after the petition, on which that decision was endorsed, or to which it was annexed, had been filed in the office of the town clerk. But there is no provision for filing that petition in said office, until after the road has been platted and surveyed, and the damages for opening it have been assessed, and the meeting for final determination has been held, and an order made declaring the road laid out.

In the present case, the record shows, that the Commissioners of Highways held the meeting provided for in section 34 on October 22, 1892, and then and there endorsed upon the petition their decision to grant the prayer of the petition; and that a petition for an appeal from the decision so endorsed was presented to a justice of the peace on November 1, 1892, before any other or further proceedings for the laying out of the road had been taken, as the same have hereinbefore been detailed. Thereafter, the supervisors to whom the appeal was taken, confirmed the decision of the commissioners, and took the necessary steps to have a jury empanelled and the damages assessed in accordance with section 60 of the Act and the other provisions thereof, as above set forth.

We are of the opinion, that the appeal was prematurely taken, and that the proceedings of the supervisors were void for want of jurisdiction.

The point here discussed was not brought to the attention of the Court, nor considered in *Comrs. of Highways* v. *Quinn et al.* 136 Ill. 604. The sole question in that case was, what interest a party should have in the decision of the Highway Commissioners to entitle him to appeal therefrom to the three supervisors; and it was held, that he should be the owner of land adjoining the road to be laid out or vacated.

The judgment of the Circuit Court is reversed and the cause is remanded to that Court with directions to enter a judgment quashing the proceedings of the three supervisors.                    *Judgment reversed.*