The Chicago, Santa Fe and California Railway Co.
*v.*
Jacob Lorance *et al.*

*Opinion filed June 17, 1899.*

1. Roads and bridges—*section 59 of Road act, concerning appeals, construed.* The appeal to the three supervisors provided for in section 59 of the Road act, (Laws of 1883, p. 152,) is an appeal from the action of the highway commissioners, and not from the judgment of the justice for damages fixed by the verdict, as an appeal from the latter must be taken to the courts as in other civil cases.

2. SAME—*supervisors, on appeal, cannot override verdict of jury.* The verdict of a jury assessing damages for the opening of a road in accordance with section 46 of the Road act, (Laws of 1883, p. 149,) is final unless an appeal is taken to the county or circuit court; and the supervisors, upon affirming the action of the commissioners in opening the road, are powerless to agree with the land owner on damages in excess of such verdict.

APPEAL from the Circuit Court of Knox county; the Hon. GEORGE W. THOMPSON, Judge, presiding.

This is a bill in chancery, filed by the appellant railway company against the appellees, commissioners of highways of Persifer township, Knox county, to restrain them from opening an alleged highway across the grounds of appellant at Dahinda in Persifer township. The appellees filed a general demurrer to the bill. The court below sustained the demurrer, and dismissed the bill. The present appeal is prosecuted from the decree of the court, sustaining the demurrer and dismissing the bill.

The bill alleges the filing and presentation to the highway commissioners on November 4, 1896, of a proper petition for the extension of Green street in the unincorporated town of Dahinda across appellant's grounds; that proper notices were given of the time and place of the meeting of the commissioners to consider the petition; that the commissioners were unable to agree with the land owner as to the amount of the damages; that a jury was called to assess the damages before O. J. Gates, a justice of the peace of said township; that due notice was given to the complainant below; that the complainant's damages were assessed by a jury at $5.00; that the road was laid out by the highway commissioners; that a petition was presented to one B. F. Holcolm, a justice of the peace of Knox county, for the perfecting of an appeal from the final decision of the commissioners within ten days, as required by the statute; that three supervisors of the county were designated and notified to hear the appeal, and the time and place for the hearing thereof

was fixed; that the appeal was heard by the supervisors; that the supervisors by their decision sustained the action of the highway commissioners in laying out the highway, but disaffirmed the action of the commissioners as to the verdict of the jury, called before them, fixing the amount of the damages allowable to complainant; that the supervisors announced their agreement with complainant on the sum of $100.00 as the amount of the damages; that the supervisors made an order for laying out the highway, and adjudged that the complainant should recover the sum of $100.00 from the town, and that, upon the payment of the same, the road should be opened as prayed in the petition.    The bill further avers, that the highway commissioners refused to comply with the order of the supervisors as to the payment of $100.00 to complainant, as its damages, and also refused to pay the costs of the appeal; that the commissioners were about to open the road across appellant's grounds without the payment of $100.00, and costs, or any part thereof.  A preliminary injunction was granted in accordance with the prayer of the bill.    The bill further alleges that, when the jury found the sum of $5.00 as the amount of the damages, that sum was paid, with accrued costs, into the hands of the justice by appellees.

Williams, Lawrence & Welsh, (Robert Dunlap, of counsel,) for appellant.

J. A. McKenzie, and Philip S. Post, for appellees.

Mr. Justice Magruder delivered the opinion of the court:

The question, raised upon the record in this case, is, whether, under the provisions of the Road act, an appeal lies from the verdict of a jury, assessing damages, to three supervisors, who affirm the action of the commissioners in laying out the road.    Otherwise stated, the question

involved is, whether the verdict of a jury in such a case is final unless an appeal is taken to the county or circuit court, as in other civil cases.

Section 59 of the act in regard to roads and bridges in counties under township organization, etc., provides, that "any person or persons interested in the decision of the commissioners in determining to, or in refusing to lay out, alter, widen or vacate any road, or revoking any previous order or decision relative to any road, or in the verdict of any jury in assessing damages in opening, altering or vacating any road, may appeal from such decision to three supervisors of the county," etc. This section was construed, and the question here involved was decided, in the recent case of *Ravatte* v. *Race*, 152 Ill. 672. In *Ravatte* v. *Race*, *supra*, we said (p. 678): "It will be noticed that this section does not provide for an appeal from the proceeding before a justice of the peace and jury relating to the assessment of damages. * * * By section 46 the verdict of the jury is returned to the justice and entered by him in his docket 'in the nature of a judgment.' The appeal from this judgment must be taken to a higher court in the same way, as an appeal from any other justice's judgment is taken. There can be no such thing as an appeal from the verdict of a jury, or judgment rendered thereon, to three supervisors."

The constitution of this State provides, that "the judicial powers, except as in this article is otherwise provided, shall be vested in one Supreme Court, circuit courts, county courts, justices of the peace, police magistrates, and in such courts as may be created by law in and for cities and incorporated towns." (Const. art. 6, sec. 1). A judgment by a justice of the peace is a judicial act, performed by a judicial officer, in the exercise of his constitutional functions. An appeal cannot, therefore, be taken from a judgment of a justice of the peace in a civil action to three supervisors of the county, who, acting together, are a non-judicial body. The appeal,

provided for in the Road act from the highway commissioners to the three supervisors, is an appeal from the act of the commissioners in laying out or altering, widening or vacating the road, and not from the judgment of the justice, assessing the damages, as fixed by the verdict of a jury.

Section 1 of article 10 of the act in regard to justices of the peace provides, that "appeals from judgments of justices of the peace and police magistrates to the circuit or county court, and in the city court in cities in which there is a city court, shall be granted in all cases except on judgments confessed," etc. (Sess. Laws of 1895, p. 212).

In section 46 of the Road act, the proceeding for the assessment of damages before a justice is called a "case," and it is there provided, that the case shall be entitled "*Commissioners of Highways of the Town of* ....... v...... ." Section 45 provides, that the trial before the justice shall be conducted, as in other civil cases. Section 44 provides that changes of venue may be granted, as in other civil cases. Section 44 also provides for the summoning by the justice of jurors, whose competency shall be determined the same, as in other civil cases before justices of the peace. Section 46 also provides that the verdict shall be entered upon the docket of the justice in "the nature of a judgment." It would be an anomaly to hold, that three supervisors had the power to nullify the verdict of a jury, rendered after trial and the hearing of evidence and argument. Section 60 of the Road act provides that, upon an appeal, "the said supervisors shall have the same power and authority that is by this act conferred on the commissioners, not only in regard to the laying out, altering, widening or vacating any road, but shall have the same power to cause a jury to be called to assess damages, whenever the state of the proceedings requires it, and the supervisors cannot agree with the owners of the land in regard to the same." It thus appears that the three supervisors only have power to cause a jury to be

called to assess the damages "whenever the state of the proceedings requires it." Here, the state of the proceedings did not require it, because the supervisors affirmed the action of the commissioners in laying out the road, and no appeal was taken by appellant from the verdict of the jury, or the judgment of the justice of the peace based thereon, fixing the amount of the damages at $5.00.

If, in a given case, the commissioners should decide not to lay out the road, and the supervisors on appeal should reverse the decision of the commissioners upon the question as to the laying out of the road, and should decide to lay out the road, a case would arise, where the question of damages had not been touched, and no jury had passed upon the same. In such a case, therefore, the state of the proceedings would require, that the supervisors, acting in the place of the commissioners, should either agree with the land owners as to damages, or, if they could not agree, should cause a jury to be summoned.

If the contention of the appellant in this case should prevail, then an appeal, under the statute, would lie from a jury, when summoned at the instance of the commissioners, but no appeal would lie when the jury is summoned by the supervisors.

Upon the appeal, the supervisors have precisely the same powers, as the commissioners had, from whom an appeal was taken, that is to say, they had the power to lay out the road or to refuse to lay out the road. Had the commissioners refused to lay out the road, and the supervisors had seen fit to order the road established, then they would have had the right to agree with the land owner as to the damages, and, in case they could not agree, then the state of the proceedings would have been such as to require a jury.

The statute cannot be so construed, as to give three supervisors the power to override a judicial determination, and to make a fixed agreement to pay more than the jury had determined the damages to be, especially when

the land owner has neglected to appeal from the verdict of the jury, or the judgment of the justice of the peace fixing the damages, to a higher court, where the jury can be instructed as to the law, and can determine, whether the amount theretofore allowed was too small or not.

It will not be contended that, after the commissioners were unable to agree upon the sum to be paid the property owner, and the matter had been submitted to a jury, the commissioners had thereafter the right or power to agree with the property owner, and give him more than the amount fixed by the jury. If the commissioners could not lawfully, after determining to lay out the road, and after submitting to a jury the question as to the amount to be paid, raise the amount by agreement, the supervisors cannot do the same thing, when they, in all respects except as to the amount of the damages, simply affirm the action of the highway commissioners.

The section of the statute, allowing appeals from the highway commissioners to three supervisors, clearly means that, in case the commissioners have refused to lay out, etc., the road, and the supervisors upon appeal determine to lay out the road, then the state of the proceedings may require the calling of a jury, but if the determination of the commissioners is affirmed as to the laying out of the road, then the state of the proceedings does not call for a jury. In such case, either the damages have been agreed upon, or else a jury have already determined them, and, if they are unsatisfactory, the remedy lies in the courts, and not in three supervisors.

For the reasons above stated, the decree of the court below, sustaining the demurrer to the bill and dismissing the same, is affirmed.          *Decree affirmed.*