### William Coffman v. Commissioners of Highways.

1. APPEALS—*To the Circuit Court in Highway Proceedings.*—In a township under township organization an appeal lies to the Circuit Court from the assessment of damages, before a justice of the peace, by a jury called to assess the damages to land owners in a proceeding to lay out a public highway.

Proceedings to Open a Highway.—Appeal from the Circuit Court of Knox County; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the May term, 1899. Reversed and remanded. Opinion filed September 26, 1899. Rehearing denied October 10, 1899.

JAMES A. MCKENZIE and PHILIP S. POST, attorneys for appellant.

CARNEY, SHUMWAY & RICE, attorneys for appellees.

MR. JUSTICE CRABTREE delivered the opinion of the court.

A petition was presented to the appellees to lay out a highway on the line between the two townships of which they were respectively the commissioners of highways. They refused the petition, whereupon one John C. Burkhalter took an appeal to three supervisors, in pursuance of the statute.

The supervisors determined to lay out the road and caused a jury to be impaneled to assess the damages. The road, as laid out, would run for over a mile on appellant's land; the jury allowed him $246.90, and the supervisors thereupon made an order laying out the road, the justice of the peace having entered judgment for the damages assessed. Being dissatisfied with the verdict of the jury and the judgment of the justice of the peace as to the amount of damages allowed, appellant took an appeal to the Circuit Court, where, on motion of appellees, the appeal was dismissed for want of jurisdiction, and appellant prosecutes this appeal.

As stated by counsel for appellees, the only question involved is whether, in a township under township organization, an appeal lies to the Circuit Court from the assessment of damages before a justice of the peace, by a jury called to fix damages to land owners in a proceeding to lay out a public highway.

Whatever we might otherwise have thought of this question, we feel constrained to follow what is said by the Supreme Court in Ravatte v. Race, 152 Ill. 672, in which case it seems to be clearly held that such an appeal will lie. It is true, as contended by counsel for appellee, that the case referred to was *certiorari*, and the question as to the right of appeal was not directly involved, as it is here, but the point seems to have been carefully considered, and the language used in the opinion is certainly strong enough to warrant us in following it, as we do in this case. Many reasons might be given for holding that an appeal ought to

lie in such cases, but in view of what has been said by the Supreme Court in the case referred to, we deem it unnecessary, and are content to hold in accordance with that decision.

The judgment will therefore be reversed and the cause remanded.