ADDISON C. TAYLOR *et al.*

*v.*

THE COMMISSIONERS OF HIGHWAYS OF TOWN OF NORMAL.

1. APPEAL—*from order of commissioners laying out or vacating road.* No person has the right of appeal from the decision of commissioners of highways in laying out a new road or vacating an old one, unless he is the owner of land adjoining the road to be laid out or vacated.

2. SAME—*construction of statute in relation to.* Whilst it is true that in one sense every citizen has an interest in the public highways, yet none but the owners of land adjoining a road laid out or vacated by the commissioners of highways has such an interest therein as is contemplated by the act of the

legislature providing for an appeal from the decision of the commissioners to their supervisors, by any person interested in the decision of the commissioners.

APPEAL from the Circuit Court of McLean county.

Messrs. HUGHES & McCART, and Messrs. STEVENSON & EWING, for the appellants.

Messrs. TIPTON & POLLOCK, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

The only question of any importance presented by this record is, whether a person has a right to appeal from the decision of the commissioners of highways in laying out a new road or vacating an old one, who does not own land adjoining the road laid out or vacated.

The statute which authorizes an appeal from the decision of the commissioners of highways to three supervisors, provides, "any person or persons interested in the decision of the commissioners of highways in determining to, or in refusing to lay out, alter, inclose or vacate any road, or revoking any previous order or decision relative to any road, or from the verdict of any jury in assessing damages in opening, altering or vacating any road, may appeal from such decision to three supervisors of the county," etc.    The word "interested" must receive a reasonable construction, such as will, on the one hand, protect those who have a direct and substantial interest in the matter, and on the other hand, protect the commissioners of highways from unnecessary litigation in defending their action as such, at the suit of persons who may imagine they have an interest, when in fact they have no such interest as was contemplated by the legislature.    Every citizen of a county, in one sense, has an interest in the public highways.    So, too, it may be said, and properly, that every citizen of the State has an interest in the highways in the different counties of the State.    If, therefore, the language of the statute is to be interpreted literally, an appeal might be taken by any citizen of the State.

But, we apprehend it was not the intention of the legislature that the word "interested" should receive such a liberal construction. It was, doubtless, intended to give the right of appeal to those persons who had a direct and pecuniary interest not shared by the public at large, such as owned land adjoining the new road laid out or the old one vacated. So far as the interest of the public is involved, the commissioners of highways are elected as officers to guard and protect those public interests, and that interest which the public feel in the highways of the country may be regarded as safe in the hands of the commissioners, without giving the right of appeal to any other tribunal.

But the case is somewhat different with a person who owns lands which the public propose to take, by and through the commissioners of highways, and devote the same to public use. In such a case the land owner has a direct and pecuniary interest. So, too, if a road has been constructed over the lands of a person, and his buildings have been erected with a view to the location of the road, and the commissioners attempt to vacate the road, and lay out another on some other portion of the premises, here is an interest that needs protection by allowing an appeal to some other tribunal. We are therefore of opinion that no person has the right of appeal except those who may own lands adjoining the road to be laid out or vacated. Such persons have an interest different in character from the citizen who may reside in the neighborhood of the road, and feel some remote interest in the question, and there is wisdom in giving them the right of appeal. If we are right in the construction of the statute, the decision of the circuit court was correct, and it will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE SCOTT: I am of opinion the parties appealing from the action of the commissioners of highways were "interested" in the decision made to change the highway, in the sense that term is used in the statute. Hence their appeal

gave the supervisors jurisdiction in the premises, and it was error in the circuit court to quash the action of the supervisors reversing the decision of the commissioners of highways. This judgment ought to be reversed and the petition for *certiorari* dismissed.