# THE PEOPLE OF THE STATE OF ILLINOIS EX REL.
## v.
## TRUSTEES OF SCHOOLS.

*Certiorari—Schools—Boundary of District.*

1.   A writ of certiorari will only issue, when a court, upon investigation, and in the exercise of sound, legal discretion, can see that justice requires it.

2.   Upon a petition for a writ of certiorari to require the trustees of schools of two townships and the superintendent of schools of the county in which they are located to send up for review the proceedings by which the boundary of a district had been changed, this court holds that the writ was properly refused; that, the district in question had full notice of the proceedings, and declines to interfere with the judgment against the petitioner.

[Opinion filed June 12, 1891.]

APPEAL from the Circuit Court of Macoupin County; the Hon. J. J. PHILLIPS, Judge, presiding.

Messrs. F. H. CHAPMAN and A. N. YANCEY, for appellants.

Messrs. J. B. SEARCEY and RINAKER & RINAKER, for appellees.

CONGER, P. J.    This was a petition for a writ of certiorari, to require the trustees of schools of townships No. 11 and 12 north, range 8 west in Macoupin County, and the superintendent of schools of said county to send up for review the proceedings, etc., in a certain proceeding by which the boundary of a district had been changed.

Upon this application the Circuit Court heard evidence outside the record and refused the writ, in which action we think there was no error.

The petitioner was not entitled to the writ as a matter of right, but it could only issue when the court, upon investigation, and in the exercise of a sound, legal discretion, could see that justice required it.

The People v. Trustees of Schools.

In Hyslop v. Finch, 99 Ill. 179, it is said :   " A petition for a writ of certiorari is well understood to be addressed to the discretion of the court; when the record is before the court upon the return of the writ, the court will look only at the record. For this reason it would be futile to admit evidence to contradict the record on a petition for a certiorari, but it being within the discretion of the court to grant or refuse the writ, extrinsic evidence to the record may very properly be received to show that no injustice has been done, and that a certiorari ought not to be issued."   Board of Supervisors v. Magoon, 109 Ill. 142; Trustees v. Directors, 88 Ill. 100.

One of the principal errors in the proceedings before the trustees urged is, that the notice required by law was not given the district interested, and there was therefore a want of jurisdiction in the trustees to proceed. It being a minor district, a petition for the change desired was presented to the trustees of town 11 north, 8 west, and to those of town 13 north, 8 west, and it is claimed that no copy of the petition to the trustees of town 12 was presented to the district.

The petitions were alike, and the district did receive a copy of the petition to the trustees of town 11 north, range 8 west.   The district did have full notice of the proceedings, appeared at the meeting and resisted the proposed change, and it is a mere quibble to say that such district was not also served with a copy of the petition to town 12.   In our judgment it was the exercise of a sound, legal discretion upon the part of the Circuit Court to refuse the writ.

Some other points are made, but they are equally technical with the one noticed, and do not even tend to show that any wrong or injustice has been done the petitioner or the public.

The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*