## WILLIAM SCHEIWE

*v.*

## CHARLES HOLZ *et al.*

*Opinion filed November 1, 1897.*

1. CERTIORARI—*election of drainage commissioners cannot be questioned by certiorari.* The legality of the election of drainage commissioners cannot be questioned by a common law writ of *certiorari.*

2. SAME—*trial must be had exclusively upon the record brought up.* Under a common law writ of *certiorari* the trial must be exclusively upon the record brought up, and no fact *aliunde* the record can be raised or determined.

3. SAME—*when record fails to show petitioner a party thereto.* A petition for a writ of *certiorari* to review proceedings of drainage commissioners will be denied where it appears by the record that the petitioner was not a party thereto, but that his wife was treated by the commissioners as the owner of the land condemned.

4. SAME—*what acts of commissioners will not make land owner a party to the record.* The fact that drainage commissioners had attempted to agree with the husband concerning the question of damages before he notified them that he had deeded his land to his wife, will not of itself make him a party to the record of their proceedings, or show that he was the owner or interested in the land.

APPEAL from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding.

HALEY & O'DONNELL, for appellant:

If the plaintiff has a substantial interest in the subject matter he may file a petition for a writ of *certiorari. Colden* v. *Botts,* 12 Wend. 234.

A town supervisor who is officially interested in knowing the boundaries of his township is entitled to sue out the writ to review the action of the board of supervisors in dividing up the township and creating a new township. *People* v. *Gladwin County,* 41 Mich. 647.

A proceeding in the probate court for the sale of real estate to pay debts may be reviewed at the suit of an heir. *Deanes* v. *Wilcoxon,* 18 Fla. 531.

Nothing can be presumed in favor of the record of the drainage commissioners. Every jurisdictional fact and element necessary to constitute a good record must appear therein, because it being, so far as its *quasi* judicial powers are concerned, a tribunal of inferior jurisdiction, nothing will be presumed or intended in favor of its proceedings. 12 Am. & Eng. Ency. of Law, 268; *Harrington* v. *People,* 6 Barb. 607; *Wightman* v. *Karsnee,* 20 Ala. 446.

Courts will confine municipalities within the limits that a strict construction of the grants of powers in their charters will assign to them, thus applying substantially the same rule that is applied to charters of private corporations. Cooley's Const. Lim. (1st ed.) 195.

A municipal corporation is confined to a strict consideration of the grants of power contained in its charter or act of incorporation. *Lafayette* v. *Cox,* 5 Ind. 38.

Where it appears from the record that the inferior tribunal has exceeded its jurisdiction or has not proceeded according to law the record will be quashed. *Trustees of Schools* v. *School Directors,* 88 Ill. 100; *Hyslop* v. *Finch,* 99 id. 171.

COWING & YOUNG, (C. W. BROWN, of counsel,) for appellees:

The allegations of the petition herein challenging the regularity of the election of the commissioners of said district in effect question their authority to act, and this cannot be done by a writ of *certiorari.* It can only be done by *quo warranto. Lees* v. *Drainage Comrs.* 125 Ill. 49; *Osborn* v. *People,* 103 id. 228; *Blake* v. *People,* 108 id. 516.

If there is no fraud and the result is not changed, irregularities in an election will not avoid it. *Behrensmeyer* v. *Kreitz,* 135 Ill. 608.

*Certiorari* will not lie where an appeal is provided for. 3 Am. & Eng. Ency. of Law, 64; *Schlink* v. *Maxton,* 153 Ill. 447; *Ennis* v. *Ennis,* 110 id. 78; *Wright* v. *Highway Comrs.* 150 id. 138.

Where investigation involves questions not appearing in the record, *certiorari* is not the proper remedy. *Drainage Comrs.* v. *Griffin*, 134 Ill. 340; *Smith* v. *Comrs. of Highways*, 150 id. 391.

The writ of *certiorari* at common law only issues when the tribunal whose acts are sought to be reviewed exceeds its jurisdiction or proceeds illegally, and no appeal or other means of review is provided. *Hyslop* v. *Finch*, 99 Ill. 171; *Mayor* v. *Dean*, 62 Ill. App. 41; *Sanner* v. *Drainage District*, 64 id. 62; *Ennis* v. *Ennis*, 110 Ill. 78.

The writ of *certiorari* will not be granted where the petitioner has no substantial pecuniary interest in the record sought to be reviewed. 3 Am. & Eng. Ency. of Law, 63, note 3; 4 Ency. of Pl. & Pr. 167; Harris on Certiorari, sec. 15.

In *certiorari* the case is heard on the record alone, and no evidence extrinsic to the record to be reviewed will be considered. *Smith* v. *Comrs. of Highways*, 150 Ill. 391; *Drainage Comrs.* v. *Griffin*, 134 id. 340.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellant filed his petition in the circuit court of Will county for a common law writ of *certiorari*, to bring up for review the proceedings of appellees, as drainage commissioners of district No. 2, township 33, range 14, in said county, and prosecutes this appeal from an order denying the writ.

The petition is based upon three grounds, viz.: "First, the drainage commissioners of said district were illegally elected; secondly, that the proceedings touching the condemnation of the right of way through the real estate of your petitioner are void for want of notice to him, your petitioner; thirdly, because the classification of said property is void, for the reason, first, that the statute has not been pursued in fixing the percentage of benefits, and secondly, that petitioner had no notice of such classification or opportunity to object thereto."

Clearly, the legality of the election of the commissioners cannot be questioned by *certiorari*, and counsel for appellant seem to admit it by abandoning the first ground.

It appears from the petition and record of the proceedings attached thereto, that a ditch or drain was established over lands upon which appellant resided, and at the time the drain was located he was treated as the owner. After futile attempts to agree with him upon the amount of damages which he sustained by reason of the construction of the contemplated ditch, application was made to a justice of the peace for a jury to assess the same. At a subsequent meeting of the commissioners to consider the advisability of dismissing that application, they adjourned for the purpose of making efforts to agree with appellant for the desired right of way. It is then recited in the record that upon application to him he claimed that he had sold the lands to his wife, Anna Scheiwe. An attempt was then made to agree with her as to damages and for the right of way, but she refused an offer of $160 made her by the board and declined to make any agreement with them on the subject. Application was thereupon again made to a justice of the peace for a jury to assess the damages across the lands as belonging to Anna Scheiwe, and the proceedings thereafter, in condemning the right of way as well as making the assessment, were carried on against her as the owner. The judgment of condemnation was in her favor for $157.01, which amount was tendered her but refused, and the money deposited with the town clerk and she informed of that fact. She was notified of the time and place at which the commissioners would meet to hear objections to the classification of lands in the district, and it is stated in the record that, the commissioners "having heard the objection of Anna Scheiwe to the special assessment and classification of lands made by us, * * * we do in all things confirm the same." In short,

the only person in any way made a party to the entire
record sought to be brought up, as owning or being in-
terested in the lands in question, was Anna Scheiwe. She
is not a party to this petition. She alone could complain
of irregularities against her, and therefore, for the pur-
poses of this decision, whether she was properly notified
of the applications for condemnation or the property in
the district was properly classified and assessed is wholly
immaterial. If, on the other hand, petitioner below and
appellant here was a party in interest to the record of
the proceedings by the commissioners, so that he can
have it reviewed by *certiorari,* the record would neces-
sarily be quashed, because he was in no way notified of
any of the steps taken.

Upon a common law writ of *certiorari* the trial must
be upon the record brought up, and that alone. (*Smith*
v. *Comrs. of Highways,* 150 Ill. 385; *Drainage Comrs.* v. *Volke,*
163 id. 243.) It is well settled that no fact *aliunde* the
record can be raised or determined. For that reason the
petition for a writ is accompanied by a transcript of the
record, so that the court, in determining whether the writ
shall issue, may see whether alleged errors exist. The
question for our determination must therefore be, does it
appear from the record, as set out in appellant's peti-
tion, that he was a party thereto, or, as contended by
his counsel, so interested as to entitle him to notice.
That he was not named as a party in any of the proceed-
ings affecting the land he claims to own we have already
seen. It is equally clear that no attempt is shown by the
record to interfere with any of his rights as owner or
as a party interested in the land. In other words, the
record throughout wholly ignores him and treats his wife
as the sole owner and only party in interest. This the
petition does not gainsay, nor do counsel in their argu-
ment contend that on the face of the record it appears
that he was a party or that any attempt was made to
affect his rights. They base his right to the writ upon

the allegations in his petition to the effect that he was in fact the owner of the land; that he resided upon it as his homestead and had not parted therewith; that the title never in fact vested in his wife though deeded to her, the deed being intended to take effect only upon his death, and she having reconveyed to him there was no change of possession. It may be conceded that these allegations show that he should have been a party to the proceedings and duly notified, without which his rights in the land could not be affected; but they do not even appear from the record, and it is too clear for argument that petitioner mistook his remedy. Suppose the writ had been ordered; would it have been contended that these alleged facts were triable upon the hearing?

It is said the commissioners did, for a time, treat appellant as owner, and only ceased to do so upon his saying, as stated in the record of the justice of the peace, "that he sold his land to his wife." Whether they were justified in acting upon that statement is not the question here. The record, speaking for itself, shows that in all the steps taken referring to notice to the owner the wife was treated as the party in interest and notified, and that she, in one instance at least, responded to the notice. The fact that the commissioners attempted at one time to settle the damages with him did not make him a party to the record, or show by the record that he was owner or interested in the land. The most that can be said from this petition is, that appellees made a mistake as to the ownership of parties interested in the land and proceeded against a wrong party. But that fact, if it exists, does not appear from the record, and hence furnishes no ground for a common law writ of *certiorari*. Whether or not a remedy may be found in another form of action is not now before us.

The judgment of the circuit court is, in our opinion, in conformity with the law, and it will be affirmed.

*Judgment affirmed.*