THE PEOPLE *ex rel.* Amos Yoder

*v.*

THE COMMISSIONERS OF HIGHWAYS.

*Opinion filed December 20, 1900.*

1. HIGHWAYS—*section 60 of Road and Bridge act construed.* Section 60 of the Road and Bridge act, providing that the three supervisors to whom an appeal in a road case is taken shall have power to cause a jury to be called to assess damages "whenever the state of the proceedings require it," merely authorizes them to call a jury if that step has not already been taken.

2. SAME—*appeal to supervisors does not affect verdict of jury.* If the highway commissioners decide against opening a road after the verdict of the jury called by them to assess damages has been entered upon the justice's docket, an appeal to the supervisors does not authorize the supervisors to call another jury to assess damages upon determining to open the road.

3. SAME—*appeal from verdict of jury should be taken to the courts.* The verdict of a jury assessing damages in a road case, with the entry thereof on the justice's docket, is a final judicial determination of such damages, and is in the nature of a judgment, from which an appeal should be taken to a higher court as from other judgments of a justice of the peace.

APPEAL from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

The appellee commissioners granted, preliminarily, the prayer of a petition asking for the location of a new road over the lands of one A. A. Stewart, and caused a jury to be empaneled before a justice of the peace under the provisions of section 41 of chapter 121, entitled "Roads and Bridges," (Hurd's Stat. 1899, p. 1476,) to assess the damages to which Stewart would be entitled. The jury, upon a hearing of the matter, returned a verdict assessing the damages in favor of Stewart at $272.60. The commissioners thereupon entered their final order revoking all previous proceedings had and taken under the petition, the ground of such action being, that payment of the damages which the jury decided Stewart was

entitled to receive would be an unreasonable burden on the tax-payers of the town. The relator, Amos Yoder, perfected an appeal to three supervisors, under the provisions of section 59 of said chapter 121. The supervisors so called on being of the opinion the appeal prosecuted by said relator operated as an appeal from the verdict or decision of the jury as to the amount of damages which Stewart should receive, filed a certificate before a justice of the peace for an assessment of the damages, caused a second jury to be empaneled, and, against the protest of Stewart, submitted to said second jury the question of the amount of the damages to the lands of Stewart. The verdict of such second jury fixed such damages at $75. Thereupon the supervisors decided the payment of the sum so found by said second jury necessary to compensate said Stewart would not be an unreasonable burden on the tax-payers of the town, and entered an order to the effect that such amount be paid to Stewart, and further ordered that the new road be established and opened according to the prayer of the petition. Stewart refused to participate in the trial by the jury inaugurated by the supervisors. The commissioners of highways regarded the verdict of the jury empaneled at the instance of the supervisors as void and refused the road, and the relator presented to the circuit court of McLean county a petition for a *mandamus* commanding them to pay to Stewart the amount ascertained by the jury empaneled at the instance of the supervisors, and open the road across his land in pursuance of the order entered by the supervisors. The circuit court sustained a demurrer to the petition and entered judgment against the petitioner for costs. This is an appeal prosecuted by the said relator to bring the action of the circuit court into review in this court.

TIPTON & TIPTON, for appellant.

ROWELL, NEVILLE & LINDLEY, for appellees.

Mr. CHIEF JUSTICE BOGGS delivered the opinion of the court:

The verdict of the jury empaneled by the justice of the peace on the certificate filed by the appellee commissioners was in the nature of a judicial ascertainment of the amount of damages to be paid by the town to Stewart in the event the commissioners finally determined to establish and open the road. The statute made it the duty of the justice of the peace to enter this verdict upon his docket, "in the nature of a judgment." This verdict, and the entry thereof on the justice's docket, is a final judicial determination of the amount of damages which the land owner shall receive, unless an appeal be prosecuted to a higher court in the same manner as an appeal is taken from a judgment entered by a justice in other civil cases. (Hurd's Stat. 1899, sec. 46, chap. 121, entitled "Roads and Bridges;" *Ravatte* v. *Race,* 152 Ill. 672; *Chicago, Santa Fe and California Railway Co.* v. *Lorance,* 180 id. 180.) In *Ravatte* v. *Race, supra,* we said (p. 678): "The appeal from this judgment must be taken to a higher court in the same way as an appeal from any other justice's judgment is taken. There can be no such thing as an appeal from the verdict of a jury, or judgment rendered thereon, to three supervisors." This view is not at variance with the true construction of section 60 of said chapter 121. Said section 60 provides: "Upon such appeal the said supervisors shall have the same power and authority that is by this act conferred on the commissioners, not only in regard to the laying out, altering, widening or vacating any road, but shall have the same power to cause a jury to be called to assess damages, whenever the state of the proceedings require it, and the supervisors cannot agree with the owners of the land in regard to the same."

The power and authority thus conferred upon the supervisors to cause a jury to be called to assess damages is expressly restricted to cases where "the state of the

proceedings" requires that course to be taken,—that is to say, where that step in the proceeding has not already been taken.   When, as in this case, a jury had been empaneled, a verdict rendered fixing the damages to which the land owner is entitled, and such verdict entered upon the justice's docket "in the nature of a judgment," and the same had not been appealed from to a higher judicial tribunal, and the commissioners had decided the cost of the proposed road, as shown by the adjudication thereof, would be an unreasonable burden on the tax-payers of the town, the appeal to three supervisors is an appeal from the decision of the commissioners, and serves only to bring before the supervisors the action of the commissioners in refusing to establish the road.   The decision of the jury as to the assessment of damages, and the entry thereof on the docket of the justice of the peace in the nature of a judgment, under the certificate filed by the commissioners in the case at bar, is unaffected by the appeal.   If a board of highway commissioners, on the hearing provided for by said sections 33 and 34 of said chapter 121, should refuse to grant the prayer of a petition for the establishment of a new road, it would become the duty of the commissioners to file their decision with the clerk of the town, and it would thereupon become a final order and therefore appealable. If an appeal should be perfected from such an order and the supervisors should determine to grant the prayer of the petition, the supervisors thereupon, by force of the provisions of said section 60, would become invested with the power and authority possessed by the highway commissioners in the first instance, and, as the damages to which the owners of the lands over which the road the supervisors decided should be established would pass had not been assessed by a jury at the instance of the commissioners, "the state of the proceeding" before the supervisors would be such as to require that such supervisors should cause a jury to be empaneled to assess such

damages. But when such damages have been assessed in the course of the proceeding before the commissioners, the "state of the proceeding," on appeal, is not such as to require that that assessment should again be made.

The decision of the jury empaneled at the instance of the supervisors is without legal effect, and the circuit court correctly ruled that the order of the supervisors based thereon, and enforceable only through payment of the amount of damages fixed by such decision, should not be enforced by *mandamus.*

The judgment is affirmed.          *Judgment affirmed.*