COMMISSIONERS OF HIGHWAYS

*v.*

WALTER D. BARNES *et al.*

*Opinion filed February 21, 1902.*

1. HIGHWAYS—*commissioners may institute proceeding to reverse an order of supervisors.* If an order made by highway commissioners is reversed by the supervisors on appeal, the commissioners may institute proceedings for a writ of *certiorari* to have the action of the supervisors reviewed.

2. SAME—*what does not bar certiorari to review an order of supervisors laying out road.* A writ of *certiorari* to review proceedings of supervisors reversing an order of the highway commissioners denying a petition for a new road, should not be quashed by reason of the commissioners' having delayed the application for nearly a year, where the only fact relied upon in the motion to quash is that the town auditors had audited the amount allowed as damages to land owners and such amount had been extended as a tax, since such tax is illegal for the reason that the highway commissioners are the only body authorized to levy the same.

3. SAME—*when order of supervisors should be quashed on certiorari.* If highway commissioners deny a petition to open a new road, one who owns land which does not adjoin the proposed road has no right to appeal to the supervisors; and an order of the supervisors, entered on his appeal, reversing the order of the highway commissioners, is a nullity and should be quashed on *certiorari.*

APPEAL from the Circuit Court of Montgomery county; the Hon. SAMUEL L. DWIGHT, Judge, presiding.

LANE & COOPER, for appellants.

ZINK, JETT & KINDER, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The commissioners of highways of the town of Butler Grove, in Montgomery county, were petitioned to lay out a road in that town, and endorsed upon the petition an order granting the prayer thereof. They agreed with one owner of land over which the proposed road was to

pass upon $25 as his damages, and being unable to agree with the other owners, proceedings were instituted and damages assessed amounting to $450. Afterward the meeting to finally determine whether the road should be laid out or not was held, and an order was made September 30, 1899, reciting that the expenses of laying out the road would be greater than the benefit thereof and the damages would be an unreasonable burden on the tax-payers of the town, and revoking all the proceedings had upon the petition. That order was reversed by three supervisors of the county upon the appeal of N. Crane, and an order was made October 21, 1899, laying out the road. This proceeding was begun by appellants, the commissioners of highways, in the circuit court of said county, September 12, 1900, by petition for a writ of *certiorari* to review the proceedings before the board of supervisors. Appellees, the defendants to the petition, being brought into court, entered their motion to quash the writ and dismiss the proceeding on the grounds that petitioners could not prosecute a writ of *certiorari* to review the proceedings; that petitioners had been guilty of *laches* and unreasonable delay in prosecuting the writ, and the damages assessed to the owners of land for the road had been allowed by the board of auditors of the town as a town charge and levied as a tax, and to allow the writ would be a wrong and detriment to the public. The motion was denied. The defendants then made return of the record of the proceedings, and on a hearing the court entered judgment against the petitioners, quashing the writ of *certiorari* at their cost. From that judgment the petitioners prosecuted this appeal.

It is contended in support of the judgment that the petitioners, as commissioners of highways, had no right to file the petition or prosecute the suit or to assail the validity of the proceedings before the supervisors. The argument is on the ground that the statute provides the decision of the supervisors in regard to laying out a road

shall be final, so that the commissioners of highways have no power to make any further order in relation to the road, but must carry out the decision. It is true that the commissioners are without authority to reverse a valid order of the supervisors made on appeal, and are bound to obey such order; but they are not precluded from appealing to the courts to determine whether the order of the supervisors is valid or not. By the statute the commissioners have charge of the roads and bridges of their respective towns and act for the town in respect to them. They are bound to levy a tax to pay damages assessed and to open a road where the order laying it out is valid and lawful, and it is within their power to institute a proceeding to determine the legality of such an order. Where an order made by them is reversed on appeal by supervisors, the proceeding reversing it may be reviewed at the suit of the commissioners. (4 Ency. of Pl. & Pr. 173.) And their right to institute such a proceeding has been recognized in many cases in this court. *Comrs. of Highways* v. *Supervisors*, 27 Ill. 140; *Comrs. of Highways* v. *Supervisors*, 53 id. 320; *Comrs. of Highways* v. *Quinn*, 136 id. 604; *Whitmer* v. *Comrs. of Highways*, 96 id. 289.

It is also urged that the petitioners were guilty of such delay that they should not be allowed to question the validity of the order. Mere lapse of time short of the limitation for the prosecution of a writ of error will not bar the issuing of the writ. (*Hyslop* v. *Finch*, 99 Ill. 171; *Drainage Comrs.* v. *Volke*, 163 id. 243.) But the writ is not a writ of right, and it will not be allowed whenever any great public detriment or inconvenience might result from interfering with the proceeding, and a court has a discretion to grant or deny it, according to the circumstances of each particular case. (*Trustees of Schools* v. *School Directors*, 88 Ill. 100; 4 Ency. of Pl. & Pr. 31.) An application to review proceedings with respect to highways will be denied if there is unreasonable delay in applying for the writ. (Elliott on Roads and Streets,

sec. 373.) In *Hyslop* v. *Finch, supra,* lapse of a year and a half was held no ground for refusing the writ, where nothing had been done upon the assumed validity of the order laying out the highway. In *Drainage Comrs.* v. *Volke, supra,* a delay of more than a year was not considered sufficient to authorize a refusal of the writ, where no great public detriment or inconvenience would result. In *Trustees of Schools* v. *School Directors, supra,* a delay of more than three years, with the acquiescence of the party complaining, in the distribution of school funds, the levy and collection of school taxes, and possibly the incurring of debts, on the faith of the proceeding sought to be reviewed, was held a bar to the writ. In this case the road had not been opened and no damages had been paid nor money expended under the order, and the only fact from which it was claimed that the public interest would be affected was, that the board of auditors had audited the sum of $475 for damages to be paid to the owners of land over which the road was to run, and said amount had been certified to the county clerk and levied as a tax on the property of the town. This fact was stated in the motion to quash the writ and was proved by affidavit, but the tax so levied was illegal and could not be collected. The board of town auditors had no jurisdiction to audit the claim as a charge against the town or to attempt to collect it. Section 119 of the act in regard to roads and bridges confers the authority to levy a tax for the payment of damages by reason of laying out a new road. (Hurd's Stat. 1899, chap. 121, p. 1487.) It is to be done by the commissioners of highways of the town at their meeting on Tuesday next preceding the annual meeting of the county board, and their statement is to be delivered to the supervisor of the township and submitted to the county board. The petitioners, who were the only ones authorized to levy a tax to pay damages, had not levied any such tax, and no action whatever had been taken pursuant to the order of the supervisors. It does

not seem to us that anything was shown which would justify the court in quashing the writ on account of the delay by the petitioners.

The record, when returned, showed that the appeal was taken by N. Crane, who described himself as a person interested in the decision of the commissioners, and stated the grounds of his appeal to be public convenience connecting two public roads. The application for appeal concluded as follows: "The undersigned, being owners of land, therefore ask that you, as such justice of the peace, will proceed according to law and select three supervisors to hear and determine said appeal." Crane was one of the original petitioners for the road, and in the petition the owners of lands over which the proposed road was to pass were named. His name does not appear among such owners, and there is nothing in the record to show that he had any interest which would enable him to appeal. The record shows a motion by the commissioners of highways before the supervisors to dismiss the appeal, and so far as appears Crane was attempting to represent the public interest merely. The fact that he was an owner of land not adjoining the road to be laid out would not give him a right to appeal, and it sufficiently appears from the record that if he was an owner of land it was not on the line of the proposed road. He was therefore not entitled to appeal, and his attempted appeal did not confer jurisdiction on the supervisors. (*Taylor* v. *Comrs. of Highways,* 88 Ill. 526; *Comrs. of Highways* v. *Quinn, supra.*) As the supervisors had no jurisdiction, their order was a nullity, and the court erred in not quashing it.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*