AUGUST HEGENBAUMER *et al.*

*v.*

F. WILLIAM HECKENKAMP *et al.*

*Opinion filed April 24, 1903—Rehearing denied June 4, 1903.*

1. CERTIORARI—*when jurisdiction of justice of peace must be presumed.* If a petition for *certiorari* to bring up the record of proceedings before a justice of the peace assessing damages for opening a road does not aver that the justice was without jurisdiction of the subject matter or of the person, it must be presumed that he had jurisdiction to act.

2. SAME—*when petition for certiorari must negative remedy by appeal.* A petition for *certiorari* to bring up the record of a proceeding by highway commissioners laying out a road, and of the proceeding

before the justice of the peace assessing damages, is properly denied, where there is no averment that either the commissioners or the justice lacked jurisdiction and no reason is shown for not prosecuting an appeal.

3. HIGHWAYS—*land owners' remedies by appeal in proceedings to establish road.* Land owners may appeal to three supervisors from an order of highway commissioners laying out a road, and to any court of competent jurisdiction from the judgment of the justice of the peace assessing damages.

APPEAL from the Circuit Court of Adams county; the Hon. JOHN C. BROADY, Judge, presiding.

L. H. BERGER, for appellants.

JAMES N. SPRIGG, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a petition presented by the appellants to the circuit court of Adams county for a writ of *certiorari* to bring up the record of the proceedings had by the commissioners of highways of the town of Melrose, which resulted in a final order laying out a public highway in said town on and over certain lands belonging to the appellants, and also to bring up the record of the proceedings before a justice of the peace of said town and county for the assessment of the damages or just compensation of the appellants for their land to be taken for said road. The court refused to order the issuance of the writ, and this appeal challenges the correctness of such decision.

The petition does not aver that the commissioners were in anywise lacking in jurisdiction to entertain the petition for the laying out of said road or to enter final order therein establishing the highway, or whether the appellants prosecuted an appeal to three supervisors from such final order, nor is any reason shown why an appeal was not prosecuted. The appellants being owners of land on and over which the road was established, they were entitled to prosecute an appeal from the final

order of the commissioners. *Taylor* v. *Comrs. of Highways,* 88 Ill. 526; *Comrs. of Highways* v. *Barnes,* 195 id. 43; *Comrs. of Highways* v. *Quinn,* 136 id. 604.

The petition does not by direct averment affirm or deny that the justice of the peace was lacking in jurisdiction of the subject matter or of the persons of the appellants. There is an averment that the appellants "were invited" to attend the trial before the justice. Such averment may be understood to mean that they were summoned. But however that may be, the pleading is to be construed most strongly against the pleaders, the appellants, and in favor of the validity of the proceedings sought to be attacked. In the absence of any denial of jurisdiction in the justice it must be assumed that such official had full power to judicially act in the matter. The statute granted the appellants the right to appeal from the judgment entered by the justice to any court of competent jurisdiction to entertain appeals from judgments entered by justices in other civil cases. *People* v. *Comrs. of Highways,* 188 Ill. 150.

The highway commissioners having full jurisdiction of the subject matter and the persons to enter the order establishing the road in question, and the justice of the peace having like jurisdiction to entertain and decide the proceedings to assess the compensation to be paid to appellants for their lands to be taken, and the statute having provided a plain and adequate remedy by appeal from the action of the commissioners and of the justice of the peace and no reason being shown why such remedy had not been availed of, the trial court properly declined to grant a writ of *certiorari* to bring such proceedings in review by that process. *Wright* v. *Highway Comrs.* 150 Ill. 138; 4 Ency. of Pl. & Pr. pp. 50, 51.

The judgment is affirmed.    *Judgment affirmed.*