BENJAMIN CRAMER et al.

*v.*

JOHN C. BURKHALTER et al.

*Opinion filed December 16, 1903—Rehearing denied February 4, 1904.*

1. APPEALS AND ERRORS—*whether evidence proved giving of notice is
a question of fact.* Whether the evidence proved the giving of notice
by commissioners of highways of the meeting for taking action on
a petition to lay out a road is a question of fact, which is conclu-
sively settled by the judgment of the Appellate Court.

2. SAME—*when record presents no question for consideration of the
Supreme Court.* The record of a suit at law tried without a jury
presents no question for the consideration of the Supreme Court,
where there is no objection to any of the evidence offered, no
exception to any ruling of the court, no propositions of law sub-
mitted, and there is no exception to the finding or judgment of
the court in the bill of exceptions.

*Cramer v. Burkhalter*, 108 Ill. App. 513, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Knox county; the Hon. JOHN A. GRAY, Judge, presiding.

CHIPERFIELD & CHIPERFIELD, for appellants.

FLETCHER CARNEY & JAMES M. CARNEY, and WILLIAMS, LAWRENCE & WELSH, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Upon the petition of appellees, the commissioners of highways of the town of Maquon, in Knox county, and two individuals who joined in the petition, the circuit court of said county awarded a peremptory writ of *mandamus* against appellants, the commissioners of highways of the town of Chestnut, in said county, commanding them, as such commissioners, to take the necessary steps to lay out a road on the division line between the two towns, by drawing orders for the payment of damages awarded, notifying owners to remove fences, directing the road to be worked, etc. A writ of error was sued out from the Appellate Court for the Second District, and the record being returned into that court, the judgment was affirmed. This appeal was prosecuted from such judgment of affirmance.

In the circuit court a jury was waived and the issues of fact made by the petition and the pleas of the defendants to the same were submitted to the court for trial, resulting in the finding and judgment in favor of the petitioners. The judgment of affirmance by the Appellate Court is conclusive of all controverted questions of fact, and the principal question presented and argued on this appeal is one purely of fact, as to whether the evidence proved the giving of the required statutory notice by the commissioners of the meeting at which they proposed to take action on the petition to lay out the

road.   That question not being in any sense a question of law, we cannot consider it.   There was no objection to any evidence offered at the trial nor any exception to any ruling of the court.   No propositions of law were submitted to the court to be held or refused, and the bill of exceptions contains no exception to the finding or judgment of the court.   There is no assignment of error which we can consider.   *Bailey* v. *Smith,* 168 Ill. 84; *Aden,* v. *Road District No. 3,* 197 id. 220.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*