Josiah Sampson, et al., v. Commissioners of Highways of Chestnut Township, et al.

Gen. No. 4,386.

1. WRIT OF CERTIORARI—*nature of.* The petition for such a writ is addressed to the sound judicial discretion of the court and for the reason that it is within the discretion of the court to grant or refuse it, evidence extrinsic to the record may properly be received to show that no injustice has been done and that the writ ought not to issue.

2. WRIT OF CERTIORARI—*when evidence pertaining to propriety of issuance of, should be heard.* If the court desires to hear extrinsic evidence as to the propriety of issuing the common-law writ of certiorari, such evidence should be heard upon the application for the writ, for when the record is before the court upon the return to the writ, the court will look only to such record.

3. WRIT OF CERTIORARI—*what will not deprive court of discretion as to issuance of.* The parties to an application for the issuance of the common-law writ of certiorari cannot deprive the court of the exercise of its discretion with respect to granting or refusing such writ, by stipulating that the formal writ shall not issue and that no formal return shall be made but that the record attached to the petition shall stand as such return.

4. WRIT OF CERTIORARI—*who not entitled to apply for.* Freeholders and taxpayers of a town have no such interest as will entitle them to apply for the issuance of a writ of certiorari to review proceedings of

highway commissioners resulting in the laying out of a public road, unless they own land over which such highway is located.

5. WRIT OF CERTIORARI—*when, properly denied.* A writ of certiorari is properly denied where it appears that the action in which the same is sought is a collusive proceeding.

6. AMICI CURIÆ—*right of the court to hear.* It is within the power of the court to listen to the representations and to hear the evidence of those appearing in a cause as *amici curiæ* claiming that such cause is a collusive proceeding.

7. RES JUDICATA—*when adjudication against public official is adjudication against citizen.* The highway commissioners of a town occupy such a position with reference to the citizens and taxpayers of that town, that a judgment against them in a matter of general interest to all the citizens and taxpayers, is binding upon the latter, although they were not parties to the suit.

8. PROPOSITIONS OF LAW—*when statute pertaining to, does not apply.* It is only in cases where the parties are entitled to a jury trial and have waived a jury, that they are authorized by statute to call upon the court to pass upon propositions of law.

Petition for common-law writ of certiorari. Appeal from the Circuit Court of Knox County; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the April term, 1904. Affirmed. Opinion filed August 24, 1904.

CHIPERFIELD & CHIPERFIELD, for appellants.

FLETCHER CARNEY and JAMES W. CARNEY, and WILLIAMS, LAWRENCE & WELSH, for appellees.

MR. JUSTICE DIBELL delivered the opinion of the court.

Josiah Sampson and four others filed a petition in the court below against the commissioners of highways of the town of Chestnut, in Knox county, and against the town clerk of said town, and against John E. Davis and L. H. Cramer, justices of the peace of Knox county, praying for a common-law writ of certiorari commanding defendants to certify to the court the records pertaining to the laying out of a certain highway, and that upon an inspection thereof by the court an order be entered quashing said proceedings and adjudging that they are null and void. Petitioners afterwards dismissed as to John E. Davis. The commissioners of highways of the town of Chestnut and the town clerk and said Cramer, entered their written appear-

ance. Copies of the records pertaining to the laying out of said highway were attached to said petition as exhibits. The commissioners of highways in their appearance waived the issue of the writ of certiorari, and consented that the records attached to said petition stand as a return to said writ. The town clerk and said Cramer, justice of the peace, in their appearance, each for himself, stated that the exhibits attached to the petition were true copies of the records respectively in his possession, and each in said appearance stated he had no interest in the result of the suit and asked to be dismissed. The court record kept by the clerk recites that said town clerk and justice of the peace Cramer each filed his written appearance and waived the issuance of the writ of certiorari and consented that the records attached to the petition stand as a return to the writ; but there was no such consent in their written appearance. Before any further proceedings were had C. S. Burnsides and Harvey Ouderkirk entered a motion that they be made defendants, and presented a verified petition, upon consideration of which an order was entered making them defendants and granting them leave to file their petition, which they did. Thereupon the original petitioners moved for a rule on said Burnsides and Ouderkirk to make return to the writ of certiorari, which motion was denied. A hearing was then had, during which the commissioners of highways of the town of Chestnut consented that the proceedings for laying out said highway be quashed. The court, however, denied the prayer for a writ of certiorari, dismissed the petition and adjudged the costs against the petitioners. This is an appeal by petitioners from that judgment.

The petition for a writ of certiorari shows that the highway therein assailed was laid out upon the town line between the towns of Chestnut and Maquon in said Knox county, and that the proceedings for the laying out of said highway were participated in by the officers of both towns, but no officer of the town of Maquon was made a defendant. The defects which the petition asserts invalidated the

proceedings for laying out the highway are threefold. *First.* It is alleged that J. C. Burkhalter and C. W. Norval, two of the highway commissioners of Maquon, were petitioners for the road, and were therefore incompetent to act upon the petition; that at the meeting at which said petition was presented and a day fixed for the hearing but two commissioners were present from each town, the two from Maquon being said Burkhalter and Norval, and therefore no lawful quorum was present at that joint meeting, there being but two commissioners present who were qualified to act, and hence the proceedings of that meeting are void. *Second.* It is alleged that no legal notice was given of the second meeting of the commissioners, held on July 30, 1901, at which the commissioners of the towns disagreed upon the question whether to grant or to refuse the petition to lay out the road, and that for lack of legal notice of that meeting all subsequent action was void. *Third.* On said July 30, 1901, Joshua Betterton presented a notice of appeal from said decision and an appeal bond to L. H. Cramer, justice of the peace, who approved the bond and summoned three supervisors to hear the appeal. That appeal resulted in an order on August 8, 1901, that the road be laid out; in a jury trial before John E. Davis, justice of the peace, to assess the damages; in an assessment of damages to various property owners, including Betterton, Burnsides and Ouderkirk; and in a final order by said supervisors annulling all prior proceedings for the laying out of the road, on the ground that the damages allowed were manifestly too high, which order was made September 14, 1901. Meanwhile, on August 9, 1901, within the time allowed by law for an appeal from the joint action of the highway commissioners of said two towns, said Ouderkirk and J. C. Burkhalter perfected an appeal from the action of said joint meeting of the highway commissioners, before Adam Kinzer, justice of the peace, and he summoned three other supervisors who met on August 15, 1901, and granted the prayer of the petition for the laying of the road and caused a survey of the road to be made. They procured releases and

agreements for the damages from all the land owners except Betterton, caused his damages to be assessed by a jury before a justice of the peace, and afterwards agreed with him as to his damages. Said supervisors on August 28, 1901, made an order dividing the expense and damages equally between the two towns, and allotting to each town the part of the road to be kept up and maintained by it. It is contended in the petition for a certiorari that said second appeal to other supervisors was not authorized by law, and that the orders by them made laying out the road, awarding and apportioning damages, etc., were void.

The intervenors, Burnsides and Ouderkirk, set up and proved that they were at the time said proceedings were had, and ever since have been, owners of land over which said road passes, and interested in the laying out of said road. The object of their intervention was to show the court that a writ of certiorari ought not to issue, because it was a collusive suit, because the validity of said proceedings had already been adjudicated, and because petitioners were not parties having such a relation to the subject-matter of the suit as entitled them to a review of said proceedings; and, also, if necessary in the silence of the highway commissioners, who consented that the proceedings be quashed, to show that the record appearing in the exhibits attached to the petition for certiorari was in fact valid on its face, and hence the writ should not be granted. Petitioners insist that the entire course pursued by the court in regard to Burnsides and Ouderkirk was contrary to the settled practice and in violation of the rights of petitioners. They insist that when those whom they made defendants had waived the issue of the writ of certiorari and consented that the exhibits attached to the petition stand as a return to the writ, the case was then in the same position as it would have been if the court had ordered the writ, and it had been issued and served, and the defendants had filed as a return thereto the same record attached to the petition, and the case was ready for a hearing upon the validity or invalidity of the proceedings set up in the return. They

contend that Burnsides and Ouderkirk were not proper de-
fendants because only those who have the custody of the
record to be reviewed are proper defendants, but that hav-
ing been permitted by the court to become defendants they
were bound to take the case at the point the proceedings
had then reached, and to pursue the recognized practice,
and could only make return to the writ or move to quash
it; and also that on the hearing said Burnsides and Ouder-
kirk should not have been permitted to offer oral and doc-
umentary proof as they did, but the case should have been
tried solely upon the return.

The writ of certiorari, when used to correct the proceed-
ings of inferior tribunals, is not a writ of right. Trustees
of Schools v. School Directors, 88 Ill. 100. The petition
for such a writ is addressed to the sound judicial discretion
of the court, and for the reason that it is within the discre-
tion of the court to grant or refuse the writ, evidence ex-
trinsic to the record may very properly be received to show
that no injustice has been done and that the writ ought not
to issue. If the court desires to hear such evidence, it is
properly heard upon the application for the writ, for when
the record is before the court upon the return to the writ,
the court will look only to the record. Hyslop v. Finch,
99 Ill. 171; Board of Supervisors v. Magoon, 109 Ill. 142;
Commissioners of Highways v. Barnes, 195 Ill. 43; Chap-
man v. Drainage Commissioners, 28 Ill. App. 17; People v.
Trustees of Schools, 42 Ill. App. 650; Harris. on Certiorari,
section 43. The parties could not deprive the court of the
exercise of its discretion by stipulating that the formal
writ should not issue and that no formal return should be
made but that the record attached to the petition should
stand as the return. Such a stipulation may be valuable
and effective after the court has decided that a writ ought
to issue, but it cannot prevent the court from exercising its
sound discretion as to whether the writ shall issue at all,
nor prevent the court from first hearing extrinsic evidence
to inform and guide that discretion, if the court desires such
evidence. The face of this petition showed the court that

the highway commissioners and town clerk of Maquon were as much interested in the proceedings sought to be reviewed as were the same officers of Chestnut, and that the record to be reviewed was just as truly lodged with the town clerk of Maquon as with the town clerk of Chestnut, and yet said officers of Maquon were not made defendants. The petition concerned matters in which the general public had a large interest. It was a doubtful question whether the highway commissioners of Chestnut were seeking to protect or to defeat that interest. This condition, apparent from an inspection of the petition and of the appearances by the defendants, justified the court in hearing extrinsic evidence before determining whether the writ ought to be issued. Although the parties entered into the stipulation just stated, the court had not entered any order that the writ be treated as issued and that the exhibits to the petition be treated as the return thereto. The cause was pending upon the application for a writ, and the court had not yet exercised its discretion and had not decided that a writ ought to issue. While the case stood in that situation Burnsides and Ouderkirk came before the court; represented that they were owners of land over which the road had been laid out; that this was a collusive suit; that the validity of the road had already been adjudicated, and that petitioners had no interest which gave them a right to have the proceedings reviewed. Whether Burnsides and Ouderkirk had a legal right to come in need not be decided. It is clear to us the court had a right to hear them, and to accept their aid in offering proof to advise the court of the real facts as a guide to the exercise of the court's discretion. Perhaps they should not have been called defendants, but it was proper to admit them as *amici curiæ* at that stage of the proceedings. In *Ex parte* Guernsey, 21 Ill. 443, the court said: "It is not unusual, we believe, for all courts to hear and receive the statements or affidavit of one claiming to speak or act as *amicus curiæ*—so to suggest to the court as that it may not be led unconsciously into error, and where there may seem to be collusion between parties, by

which another party may be injured, or for any cause, which the court is at liberty to recognize as proper for the interference of such person." In McAdam v. People ex rel., 179 Ill. 316, the Supreme Court entertained and granted a motion by certain persons as *amici curiæ* to dismiss an appeal. In our judgment the court properly heard proofs to advise the court of the true state of the case, in order that the court might properly exercise its discretion whether to award the writ, and properly permitted Burnsides and Ouderkirk to present proofs on that subject, and if the court, after being so advised, properly exercised the discretion vested in it, then it will be immaterial whether or not they should have been called defendants upon the record.

The petitioners, Sampson and others, are freeholders and taxpayers of the town of Chestnut. They do not claim to own any land over which said highway is located. The only basis for their claim of a right to present a petition for a certiorari to review these proceedings is that a tax will be levied upon the property in the town of Chestnut to pay the damages apportioned to said town for laying out said highway, and they are taxpayers in said town. They had no standing which would have entitled them to appeal from an order laying or refusing to lay the road. The statute (R. S., c. 121, sec. 59) allows such appeal to "any person or persons interested in the decision." It was held in Taylor v. Commissioners of Highways, 88 Ill. 526, that the word "interested" in this statute was not to be interpreted literally, but that it meant persons who had a direct and pecuniary interest not shared by the public at large—those who owned land adjoining the new road laid out or the old one vacated, or land to be taken for the proposed road. It was there held that the interest which the public at large have is represented by the highway commissioners. This doctrine was adhered to and restated in Commissioners of Highways v. Quinn, 136 Ill. 604, and Commissioners of Highways v. Barnes, 195 Ill. 43, and it was recognized in Hegenbaumer v. Heckenkamp, 202 Ill. 621. If, then, the petitioners were not parties interested in such a sense as to

permit them to question the proceedings by direct appeal, we see no good ground for holding that they had such an interest as permitted them to sue out a writ of certiorari to review said proceedings. It is clearly implied in Scheiwe v. Holz, 168 Ill. 432, that in order to entitle a person to have such proceedings reviewed by certiorari he must appear upon the record, which the court is asked to review, to be a party in interest. To the same effect is People ex rel. v. County of Vermillion, 210 Ill. 209. In 4 Ency. of Pl. & Pr., 165-6, it is said the preponderance of authority seems to be that the writ should be denied to a stranger to the proceedings.

The entire amount of expense and damage which the town of Chestnut is required by these proceedings to pay was $558.50. The record contains nothing from which we can know how much of that sum will be assessed upon the property of the petitioners. It was held in Vanderstolph v. Highway Commissioner, 50 Mich. 330, that a potential liability to pay some unknown but small portion of a tax for the appraised damages for laying out a highway, was not such an interest as authorized the prospective taxpayer to a certiorari to review and vacate the proceedings laying out the highway. To maintain this suit is to permit a person, not interested in' the road itself nor in the land over which it will pass, to defeat the road in order to enable him to escape the payment of a small sum in taxes, although every one whom the road directly affects may desire to have it established. Where a taxpayer seeks by certiorari to review the assessment and levy of taxes, the writ will not be issued where the error or irregularity complained of affects all taxpayers alike. 4 Ency. of Pl. & Pr., 169. The application of a like principle to this case would deny the writ, for all the taxpayers of the town of Chestnut will be affected alike by the levy of the taxes to pay the damages awarded against said town. We conclude petitioners were not entitled to a review of these proceedings by certiorari.

The validity of these proceedings is *res adjudicata* as

against one having only the interest of a taxpayer of the town of Chestnut. The intervenors proved that the hignway commissioners of the town of Maquon, and John C. Burkhalter and Harvey Ouderkirk, as owners of land over which said highway was to pass, filed a petition in the Circuit Court of Knox county against the highway commissioners of the town of Chestnut, setting up all the record facts hereinbefore stated relative to the proceedings for laying out said highway, (except the Betterton appeal and proceedings thereunder,) and alleging that the highway commissioners of Maquon had levied a tax and drawn and delivered to the landowners orders on their treasurer as required by law, to pay said landowners the amount of said damages allotted to be paid by the town of Maquon, and were ready to open and work the road; that the highway commissioners of the town of Chestnut refused to proceed with the necessary steps to levy a tax, and pay its proportion of said damages and open and work said road, though notified and requested in writing to do so. The petition sought a mandamus to compel said commissioners of highways of the town of Chestnut to perform said duties. The proof showed that the first plea filed by the defendants in that cause set up the Betterton appeal and the proceedings thereunder, resulting in the final order annulling the proceedings for laying out the road; and said plea averred that said Betterton appeal was prior to the appeal set up in the petition for mandamus, and that by reason of said Betterton appeal and the proceedings thereunder said later appeal to three other supervisors set up in the petition for mandamus, and the order thereunder to lay out the road, were void. To this plea petitioners filed five replications attacking the validity of said Betterton appeal for various reasons. A demurrer was sustained to some of said replications and issues of fact were joined on others. Defendants filed another plea denying substantially every allegation of the petition. The cause was tried without a jury, and a peremptory mandamus was awarded against said highway commissioners of the town of Chestnut pursuant to the

prayer of the petition. The highway commissioners of the town of Chestnut appealed to this court, and that appeal was dismissed. They afterwards brought the record to this court by writ of error, and upon a hearing the judgment was affirmed. Cramer v. Burkhalter, 108 Ill. App. 513. Said highway commissioners of the town of Chestnut appealed from the last-named judgment to the Supreme Court, where the judgment was affirmed on December 16, 1903, (Cramer v. Burkhalter, 207 Ill. 34,) two days before the present suit was begun. The fact that the appellants in that case did not so prosecute their case in the Appellate and Supreme Courts as to obtain a decision upon the merits, does not alter the binding effect of the judgment of the Circuit Court as an adjudication that this highway was legally established. That judgment not only settled the controversy as to the supposed defects pointed out in the pleas, but also as to any other defects which might have been pleaded. The highway commissioners of a town occupy such a position with reference to the citizens and taxpayers of the town that a judgment against the highway commissioners in a matter of general interest to all the citizens and taxpayers is binding upon the latter, though they were not parties to the suit. The taxpayers are real though not nominal parties. The taxpayers cannot re-litigate questions which have been settled by a judgment against the proper public officers. 1 Freeman on Judgments, sec. 178; Harmon v. Auditor of Public Accounts, 123 Ill. 122.

We are also disposed to hold that the court properly exercised its discretion by refusing the writ in this case because of the absence of parties who should have been brought before the court as defendants. If the highway commissioners of Chestnut were proper defendants, the highway commissioners of Maquon should also have been defendants, as they have an equal interest in the record attacked. This is answered by appellants by saying the highway commissioners of Chestnut need not have been parties. But why was not the town clerk of Maquon a necessary

party? Where, as here, a road is laid out on a town line, all the proceedings are required to be filed in the office of the town clerk of each of said towns. This petition for a certiorari shows said records were filed as well in the office of the town clerk of Maquon as in the office of the town clerk of Chestnut. By this petition it is sought to bring up the record filed in the office of the town clerk of Chestnut, but to leave the record in the office of the town clerk of Maquon. The petition suggests the question whether this was not done because it was believed the town clerk of Maquon would assert the validity of the record, while the town officers of Chestnut would not, and it was hoped to get an order quashing the proceedings without any contest before the court. The evidence of collusion furnished by the omission of the officers of the town of Maquon from the suit and by the consent of the highway commissioners of the town of Chestnut that the proceedings be quashed, justified the refusal of the writ.

The petitioners offered certain propositions of law, some of which were held to be the law and others were marked refused by the court. It is argued it was error to refuse the latter. As we have already shown, this case was not tried upon the sufficiency of the return, but the hearing was in fact upon the preliminary application of petitioners for the issue of a certiorari, which application was an appeal to the sound judicial discretion of the court. Upon such a hearing neither party could be entitled to a jury. It is only in cases where the parties are entitled to a jury trial, and have waived a jury, that they are authorized by the statute to call upon the court to pass upon propositions of law. Wackerle v. People, 168 Ill. 250; Martin v. Martin, 170 Ill. 18, 25; Cody v. Town of Cicero, 203 Ill. 322, 332; Garrison v. Little, 75 Ill. App. 402. Applying what we said in the case last cited, as the parties were not entitled to a jury trial at that stage of the case and upon the question of the proper exercise of discretion by the court then being considered, it follows that the submission of written propositions at that time to be held as the law of

the case was improper, and no error can be assigned upon the action of the court thereon. The propositions, moreover, only related to questions which would arise after the court had awarded the writ and return thereto had been made.

Appellees also contend that the court was justified in refusing to issue the writ because, applying to the record attached to the petition the ordinary legal presumptions, said record is not defective. But as what we have already said is decisive that in our judgment the court properly refused the writ, we consider it unnecessary to pass upon the alleged defects in the proceedings.

The judgment is affirmed.                    *Affirmed.*