### HENRY W. BENNETT *vs.* JOB RANDALL.

### JUNE 28, 1907.

PRESENT, Douglas, C. J., Blodgett, Johnson, and Parkhurst, JJ.

(1) *Certiorari to Decree of Probate Courts.*

The writ of *certiorari* will lie to review the action of a Probate Court.

(2) ' *Certiorari does not Lie to Cure Formal Errors.*

The principle that on petition for writ of *certiorari,* the court will hear the case upon petition, to enable it to determine whether the error alleged affects the substantial justice of the case, has special force in reviewing the acts of a Probate Court in view of court and practice act, section 728, which provides that " irregularity, defective notice, or want, or improper exercise of authority" affecting the validity of such acts may be supplied or corrected on notice to the parties interested.

(3) *Certiorari. Guardians ad litem. Insane.*

Where on petition for writ of *certiorari,* it appeared that a Probate Court having jurisdiction of the subject matter of the appointment of guardians of insane persons neglected the statutory requirement providing for the prior appointment of a guardian *ad litem,* before acting upon the petition, and appointed a guardian of the person and estate of such insane person, the writ will be denied.

CERTIORARI. Heard on petition and denied.

DOUGLAS, C. J. This is a petition for a writ of *certiorari* to the Probate Court of Foster, alleging that a decree of that court, entered on the 4th day of August, 1906, appointing Job Randall of said Foster guardian of the person and estate of the petitioner, a person of full age, residing in said Foster, was erroneous and ought to be quashed for want of jurisdiction in said Probate Court to enter the decree.

The petition states that at the time of the filing in the

Probate Court of the petition upon which said decree was entered, the present petitioner, a resident of the town of Foster, was insane and had been so adjudged by the District Court of the Eighth Judicial District, and was an inmate of the State Hospital for the Insane, at Howard, Rhode Island; that since that time, to wit, March 20, 1907, upon examination and inspection by the District Court within whose jurisdiction he was committed to said State Hospital for the Insane, he has been declared to be restored to soundness of mind, and to be no longer under the necessity of restraint.

The error assigned by the petitioner as vitiating the proceedings of the Probate Court is that there was no compliance with the requirement of section 772 of the court and practice act that "whenever application shall be made to a probate court for the appointment of a guardian of any person confined in an asylum for the insane," certain notices shall be given " and then the court having first appointed a guardian *ad litem* for such insane person may proceed to act upon the application."

(1). In *Wheeler* v. *Court of Probate of Westerly*, 21 R. I. 49, a query was suggested whether *certiorari* is a proper form of proceeding to review the action of a Probate Court. The doubt was founded upon the opinion of Shaw, C. J., in *Peters* v. *Peters*, 8 Cush. 529, decided in 1851, where it was held that in Massachusetts the courts of probate still exercised the jurisdiction in the settlements of estates which was originally possessed by the English Ecclesiastical Courts, and following the analogy of the English practice the Supreme Judicial Court of Common Law could not extend its control by *certiorari* over them. Another consideration upon which Chief Justice Shaw relied was "that if the Probate Court, even where it has jurisdiction over the general subject, exceeds its powers, or acts in a manner prohibited by law, its decrees are not regarded as merely irregular, and voidable, but yet good and valid, unless reversed, like other erroneous or irregular judicial proceedings; but they are held entirely and absolutely void and of no effect, and may be set aside in any collateral proceeding by plea and proof. This would

not be true, if they could be drawn in question and vacated by a writ of *certiorari*." But in Rhode Island this objection to the employment of *certiorari* has been removed by statute.

Section 803 of the court and practice act is as follows: " No order or decree of a probate court which may be appealed from, or in any collateral proceeding when the same shall not have been appealed from, shall be deemed to be invalid, or be quashed, for want of proper form, or for want of jurisdiction appearing upon the record, if the probate court had jurisdiction of the subject-matter of such order or decree. The superior court having jurisdiction of the parties to a probate appeal may allow amendments to be made in the papers filed in the case, to supply any deficiency or correct errors therein, upon such terms as it may deem proper."

With respect to the first objection, it seems to us more conducive to simplicity and efficiency in our judicial system to recognize the status of Probate Courts as fixed by present statutes rather than by the limitations of their ancestry. As constituted at the present day they form a well-defined part of our judicial machinery in due subordination to the supervising authority of the Supreme Court. An appeal lies from the decree of a Probate Court to the Superior Court, and thence by bill of exceptions to this court, with substantially' the same effect upon the final decision of the case as a claim of jury trial from a District Court to the Superior Court followed by a bill of exceptions to this court in an action at law.

On deliberate consideration of the question, therefore, we see no reason why the objections urged in Chief Justice Shaw's opinion should be considered valid in Rhode Island; and, indeed, the question has been settled by *Pratt* v. *Probate Court of Pawtucket*, 22 R. I. 596, where this court issued a writ of *certiorari* to a Probate Court and quashed its decree.

(2) We may then consider the question whether the present is a proper case for the issuance of the writ. It is well settled, in those jurisdictions where special statutes do not regulate the matter, that the issue of the writ is not a matter of strict

right but is discretionary with the court. It must appear not only that the inferior tribunal has committed some error of law, but also that the error has caused substantial harm and that the petitioner has been guilty of no laches in seeking his remedy. This court has said, in *McAloon* v. *License Commissioners*, 22 R. I. 191, 193: " The writ will not be granted for the correction of merely harmless, technical, or formal errors, which are not shown to have resulted prejudicially, or to have caused substantial injustice to the relator. 4 Ency. Pl. & Pr. 34 f. n. 1. The matter to be determined is substance and not form. If the error is such that it does not affect the substantial justice of the case, but is in the forms of procedure only, the writ will be refused. 2 Spelling Extr. Rel. § 1897."

To the same effect are *Knapp* v. *Heller*, 32 Wis. 467; *Ex parte Buckley*, 53 Ala. 42; *State of Washington* v. *Lockhart*, 18 Wash. 531, 535; *People* v. *Mayor of New York*, 5 Barb. 43, 49. Accordingly, it is a common practice to examine the case upon return of the citation to determine before issuing the writ whether it is necessary to prevent substantial wrong.

It is said in *Farmington R. W. P. Co.* v. *Commissioners*, 112 Mass. 206, 214: " The uniform practice of this court for many years, as shown in numerous reported cases, has been to hear the whole case upon the petition, in order to avoid unnecessary delay and expense to the parties, and to enable the court to deal with the substantial justice of the case untrammelled by merely formal and technical defects in the record." See also *Sampson* v. *Commissioners of Highways*, 115 Ill. App. 443; *Petition of Landaff*, 34 N. H. 163; *Town of Royalton* v. *Fox*, 5 Vt. 458; *Haven* v. *County Commissioners*, 155 Mass. 467; *Stone* v. *Boston*, 2 Met. 220.

We think this principle may be held to have special force in reviewing the acts of a Probate Court in view of the statute (C. & P. Act, 728) which provides that " irregularity, defective notice, or want or improper exercise of authority " affecting the validity of such acts may be supplied or corrected on notice to the parties interested. We should be very reluc-

tant to quash a decree which the Probate Court is given the power to validate unless the interests of justice should absolutely require it.

It appears to a majority of the court that the case presented by the petitioner is not one which calls for the interposition of this court.

(3)     The appointment of a guardian *ad litem* is directed by the statute; but the petitioner who is now alleged to be *sui juris* states the fact that at the time the decree was entered he was insane. The court having jurisdiction of the subject-matter of the appointment of guardians of insane persons residing in the town of Foster neglected the requirement of the law, but performed the substantial duty of appointing a guardian and fixing his responsibility.

The petitioner, by his misfortune, had become unable to care for and manage his property. The court appointed and installed a custodian, under substantial bonds, to act under legal restraint and responsible to legal authority. The appointee is held to strict accountability for his management of the property entrusted to him. We are unable to consider the proceeding as otherwise than beneficial to the petitioner. That his estate should have been cared for during his disability is an advantage rather than a damage to him, and to set aside the appointment because a person had not been appointed to represent him in the proceedings would be to exalt the letter of the law at the expense of substantial right. If the facts stated in the petition are true, the guardian *ad litem*, if appointed, must have advised and consented to the decree.

The petition is therefore denied and dismissed.

*Elmer J. Rathbun and John P. Beagan,* for petitioner.

*Gardner, Pirce & Thornley,* for respondent.

*William W. Moss,* of counsel.